### J. Irving Pearce v. City of Chicago.

1. EMINENT DOMAIN—*Disposition of Money Paid into Court.*—A city had certain land condemned for use as a street, but constructed a sewer through it and deposited in court part of the compensation awarded to the owner. At a later date the condemnation proceedings were dismissed on petition of the owner on account of the non-payment of the balance of the compensation and the street was not opened. Both parties petitioned for the money in the hands of the court. *Held*, that the construction of the sewer gave the owner of the land no claim on the money in court, and that it should be paid back to the city.

Condemnation Proceedings.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

MANN, HAYES & MILLER, attorneys for appellant.

JOHN D. ADAIR, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The facts of this case, when compressed, are that in January, 1892, under eminent domain proceedings, land of the appellant was condemned for the purpose of opening a street through it, and $20,000 awarded as the compensation.

June 7, 1895, the court, on motion of the appellant, entered an order that the city pay within ten days, or all proceedings be dismissed, and July 2, 1895, payment not having been made, ordered "that said proceedings be, and the same are hereby dismissed." That order ended those proceedings. Sec. 167, Ch. 24, R. S.

May 17, 1895, the city paid into court, under an order of the court, $4,500 as the difference between the amount so awarded as compensation, and the amount assessed upon the same land for benefits, and by another order of the same day was authorized to take possession of the land.

May 27, 1895, on motion of the appellant the orders of May 17th were vacated.

April 9, 1896, upon petition by both parties for the $4,500, the court ordered that it be paid to the city. From that order this appeal is taken.

The record does not show, nor does the brief of the appellant contend, that the street has ever been opened; but it is contended that as the city, in the summer of 1892, constructed a sewer, six feet in diameter, along the center of the proposed street, the appellant should have the money in dispute.

There is no necessary connection between a street and a sewer.

In a flat city like Chicago sewers do run in the streets, but that is engineering, not law. What remedy the appellant may be entitled to because of the sewer, is not in this case.

The judgment of the Superior Court is affirmed.


MR. JUSTICE WATERMAN:

The proceedings having been dismissed at the instance of appellant, I do not see how either he or the city is bound thereby. Appellant can not be compelled to receive as his full compensation for damage by him sustained, the amount awarded in the condemnation proceeding, nor can the city be made to pay such sum. Appellant's land has been entered upon and is now unlawfully occupied by the city; for this the law affords him adequate remedies, as to which he is not in any way bound or restricted by the proceeding heretofore begun and at his request dismissed.